

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

June 3, 2026

<u>By ECF</u>
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*The June 4th telephone conference will proceed as scheduled. The briefs are also at noon on June 8 and 10.*

*Denise Cote*
*6/3/26*

Re:     *Ramos Ramirez v. Blanche, et al.*, No. 26 Civ. 4553 (DLC)

Dear Judge Cote:

This Office represents respondents (the "Government") in this habeas corpus action commenced by Danilo Neftali Ramos Ramirez ("Petitioner"). As directed by the Court (Dkt. No. 4), the Government writes to inform the Court that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and has a bond hearing set for June 4, 2026, at 9:30 a.m.

The parties jointly propose a briefing schedule for this habeas petition whereby the Government will file its opposition brief on Monday, June 8, 2026, and Petitioner will file his reply brief on Wednesday, June 10, 2026.

Separately, Petitioner respectfully requests that the Court keep the June 4, 2026 telephone conference on the calendar. Alternatively, if the Court prefers to receive the parties' submissions first, Petitioner respectfully requests that the Court set a prompt conference or argument immediately after Petitioner's reply is filed, preferably on June 10, 2026, or on the earliest date thereafter.

Respondents take no position on Petitioner's requests regarding scheduling of conferences in this case in district court.

Separately, Petitioner's position regarding the bond hearing scheduled by Respondents is as follows. In the Petition, Petitioner seeks immediate release. He has not requested a bond hearing because a bond hearing would not remedy the core habeas claim—namely, that Respondents violated Petitioner's Fifth Amendment due process rights and statutory detention rights at the time of his arrest and initial detention. As Judge Bulsara recently in the EDNY, recently explained in *Inestroza Carbajal v. Frazier*, No. 26-CV-2778 (SJB), 2026 WL 1309265, at *___ (E.D.N.Y. May 12, 2026), the regulations governing detention under 8 U.S.C. § 1226(a) require an initial custody determination, and ICE must engage in the required deliberative process "prior to—or, at a minimum, contemporaneous with—the initial arrest and detention decision." The court further held that "[a] post-detention bond hearing is not a substitute," and that "[a] custody determination undertaken weeks later is not either." *Id.* Likewise, in *Ahmadi v. Almodovar*, No. 26-CV-274 (VSB) (S.D.N.Y. Mar. 5, 2026), Judge Broderick in this district recently concluded that a post-detention bond hearing could not retrospectively cure the alleged due process violation and ordered release rather than a bond-hearing remedy. Accordingly,

Petitioner respectfully submits that the bond hearing unilaterally scheduled by Respondents does not address the relief sought in this habeas proceeding and risks complicating the issues presently before this Court.   Moreover, Respondents scheduled the bond hearing without consulting undersigned counsel and before counsel had a meaningful opportunity to prepare.   Given the substantial evidentiary and legal preparation required for immigration bond proceedings, Petitioner has not been afforded adequate time to prepare for the hearing.

The undersigned does not represent the Government in immigration court, and therefore takes no position regarding scheduling of Petitioner's bond hearing but notes that any requests should be made in the appropriate venue.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:      _/s/ Rachel Kroll_____
RACHEL KROLL
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2765
E-mail: rachel.kroll@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (by ECF)