UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
DANILO NEFTALI RAMOS RAMIREZ,              :
                                           :
                      Petitioner,          :
                                           :      26cv4553 (DLC)
            -v-                            :
                                           :      OPINION AND
                                           :        ORDER
TODD BLANCHE, Acting Attorney General      :
of the United States; MARKWAYNE            :
MULLIN, Secretary of Homeland              :
Security; TODD LYONS, Director, U.S.       :
Immigration and Customs Enforcement;       :
KENNETH GENALO, New York Field Office      :
Director for U.S. Immigration and          :
Customs Enforcement; and LAWRENCE          :
CATLETTI, Warden, Orange County            :
Correctional Facility,                     :
                                           :
                      Respondents.         :
                                           :
------------------------------------------ X
APPEARANCES:

For plaintiff Danilo Neftali Ramos Ramirez:
S. Michael Musa-Obregon
Musa-Obregon Law PC
55-21 69th St., 2nd Floor
Maspeth, NY 11378

For defendant Todd Blanche, et al.:
Rachel Kroll
U.S. Attorney's Office for the Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007

DENISE COTE, District Judge:

      On May 7, 2026, petitioner Danilo Neftali Ramos Ramirez, a

citizen of Guatemala, was arrested pursuant to a warrant issued

by U.S. Immigration and Customs Enforcement ("ICE") in February.

He now petitions for a writ of habeas corpus, contending that

ICE violated his due process rights by unlawfully arresting and detaining him.  For the following reasons, the Court orders that the Government provide Ramos Ramirez with a prompt bond hearing during which the Government bears the burden of proof.

### Background[1]

Ramos Ramirez is a 34-year-old man who is a citizen of Guatemala.  He resides in Mount Kisco, New York, and is a father to two children who are U.S. citizens, a three-year-old and a seven-month-old infant.  Ramos Ramirez unlawfully entered the United States without inspection or parole on or about 2009. Ramos Ramirez has never initiated any immigration proceedings.

On January 1, 2026, Ramos Ramirez was arrested by local law enforcement in Carmel, New York, and charged with Harassment in the Second Degree in violation of New York Penal Law § 240.26.[2] Harassment in the Second Degree is a "violation," defined under New York law as an offense "for which a sentence to a term of

---

[1] This account is drawn from Ramos Ramirez's petition, documents supplied by ICE from his administrative file, and the declaration of an ICE officer, Anthony Delano, who reviewed the petitioner's DHS record and completed a Form I-213 Record of Deportable/Inadmissible Alien regarding the petitioner on the day of his May 7, 2026 arrest.

[2] Another individual arrested at the same time and place as the petitioner, Alvaro Ramos Ramirez, was charged with two counts of assault in the third degree, harassment, and endangering the welfare of a child.

imprisonment in excess of fifteen days cannot be imposed." New York Penal Law §§ 100, 240.26. Ramos Ramirez was then released on his own recognizance.

On February 20, 2026, the United States Marshals referred Ramos Ramirez to ICE. After conducting a review of agency electronic systems and subsequent record checks, ICE determined that Ramos Ramirez does not have authorization to lawfully enter or reside in the United States. On February 24, an ICE officer made an individualized determination that "there is probable cause to believe that [Ramos Ramirez] is removable from the United States" and issued a Form I-200 warrant for his arrest citing INA § 236 -- i.e., 8 U.S.C. § 1226 -- as the statutory basis for his detention.

On May 7, 2026, at approximately 7:00 a.m., ICE officers arrested Ramos Ramirez in Bedford, New York, without incident. When asked whether he had any documents that allowed him to be lawfully present in the United States, Ramos Ramirez confirmed that he did not. Ramos Ramirez was then served with a copy of the Form I-200 warrant for his arrest and transported to an ICE holding facility in Orange County, New York. He was served with a Form I-862 Notice to Appear ("NTA") later that same day. The NTA charged Ramos Ramirez as being inadmissible pursuant to two sections of the Immigration and Nationality Act ("INA"): §

212(a)(6)(A)(i) for being "present in the United States without being admitted or paroled," and § 212(a)(7)(A)(i)(I) for not being in possession of a valid entry, travel, or identity document.

Also on May 7, 2026, an ICE officer conducted an individualized custody determination in Spanish, which was documented in a Form I-286 Notice of Custody Determination.  The officer "considered results from database record checks, his family, his health, his immigration history, and his manner of entry into the United States" and determined that, "pending a final administrative determination" in his case, Ramos Ramirez should be detained by DHS.  In particular, the officer cited Ramos Ramirez's "pending charges for Harassment and Assault (2026) in Carmel, NY" to explain that he failed to establish that he "does not pose a danger to persons or property."  The citation to a pending charge for assault was an error.  Ramos Ramirez was charged only with Harassment in the Second Degree, which, as already explained, is classified under New York law as a violation.  The Notice specifies that its contents were read to Ramos Ramirez in Spanish and includes a section informing Ramos Ramirez that "[y]ou may request a review of this custody determination by an immigration judge."  Ramos Ramirez checked boxes to indicate that he "acknowledge[s] receipt of this

4

notification" and "do[es] request an immigration judge review of this custody determination" (i.e., a bond hearing), before signing the Notice.  He was then transferred from the ICE holding facility to the Orange County Jail in Goshen, New York, where he currently remains detained.

On May 30, 2026, Ramos Ramirez filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  He contends that his arrest and ongoing detention are unlawful because they were effected without "any meaningful individualized custody determination," "probable cause," or "due process," and seeks a writ ordering his immediate release from custody.  Later that same day, on May 30, this Court issued an Order barring Ramos Ramirez's removal from the United States or from this District pending a ruling on his habeas petition, to preserve the Court's jurisdiction in the interim.

An Order of June 1 then required the parties to (i) submit a joint letter by June 3 indicating the Government's ground for Ramos Ramirez's detention, whether there was any basis to distinguish this case from the Second Circuit's recent opinion in Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026), and, if not, whether the Government consents to issuing the writ, and (ii) appear for a June 4 telephone conference.

Also on June 1, DHS filed the Form I-286 Notice of Custody Determination, which included Ramos Ramirez's request for a bond hearing, with the Executive Office for Immigration Review ("EOIR"). This filing was made approximately a month after the Form was prepared. That same day, EOIR scheduled Ramos Ramirez's bond hearing for June 4.

In the parties' June 3 letter, the Government reported that Ramos Ramirez has been detained pursuant to 8 U.S.C. § 1226(a) and has a bond hearing scheduled for the next day. The parties also jointly proposed a briefing schedule, which this Court adopted. During the June 4 telephone conference, the Government noted that Ramos Ramirez's request for a one-week adjournment of his bond hearing from June 4 to June 11 had been granted. The Government opposed the habeas petition on June 8 and Ramos Ramirez replied on June 9.

### Discussion

Section 2241 of Title 28 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Wang v. Ashcroft, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Federal courts have jurisdiction to hear habeas corpus claims by noncitizens

challenging the constitutionality of their detention.  Demore v.
Kim, 538 U.S. 510, 516–17 (2003).

It is undisputed that Ramos Ramirez is detained under 8
U.S.C. § 1226(a), under which detention is discretionary and
noncitizens are afforded procedural protections.[3]  Those
protections include, as relevant here: (i) an initial
determination of the individual's eligibility for release
pending his removal proceedings conducted by an ICE officer
after an arrest, and (ii) a bond hearing, during which an
Immigration Judge reviews that initial determination, at the
outset of detention.  See 8 C.F.R. § 236.1(c)(8) (initial post-
arrest custody determination); id. § 236.1(d)(1) (bond hearing
before Immigration Judge); see also Velasco Lopez v. Decker, 978
F.3d 842, 849-50 (2d Cir. 2020) (describing statutory and
regulatory scheme for § 1226(a) discretionary detention).

Ramos Ramirez seeks immediate release from custody.  He
argues that his "warrantless arrest . . . without a
contemporaneous individualized custody determination" violated
the Fourth Amendment, the Fifth Amendment, and the INA.  He
urges this Court to disregard any "later-issued document[s]" or

---

[3] Ramos Ramirez raises a number of arguments in his May 30, 2026
habeas petition in the event that the Government takes the
position that he is subject to mandatory detention under §
1225(b)(2)(A).  The Government confirmed in its June 3 letter
that Ramos Ramirez is detained discretionarily under § 1226(a).

"delayed custody decision[s]" that may attempt to "retroactively validate [his] arrest and detention."  He emphasizes that he "does not seek a bond hearing" because doing so "would only prolong an ongoing deprivation of liberty."

Based on the documents submitted by the Government in opposition to this petition, it appears that Ramos Ramirez's arrest was lawful.  It was made pursuant to a valid Form I-200 warrant and followed by an individualized custody determination within hours that same day.  Accordingly, Ramos Ramirez is not entitled to release, but he is entitled to a bond hearing.  See Martinez-Lopez v. Reid, No. 26cv2893 (PAE), 2026 WL 133933, at *1 (S.D.N.Y. Apr. 27, 2026); Rahman v. Catletti, No. 26cv3054 (PAE), 2026 WL 1180138, at *2 (S.D.N.Y. Apr. 30, 2026).[4]

---

[4] In addition to asserting, incorrectly, that the arrest here was "warrantless," Ramos Ramirez makes two additional arguments in his Reply against the validity of his May 7, 2026 arrest and detention.  First, he contends that he was not served with the warrant or charging document "that would disclose the asserted statutory authority for his detention" at the time of his arrest and detention.  The Government has produced a declaration that says otherwise and, in any event, that would not impugn the validity of the I-200 arrest warrant itself.  Second, Ramos Ramirez claims that the Government failed to comply with a regulation that only permits arrests under Form I-200 warrants "[a]t the time of issuance of the notice to appear, or at any time thereafter."  8 C.F.R. § 236.1(b)(1).  But such a claim is not supported by the record submitted by the Government.  Even though the Form I-200 warrant is dated February 24 and the NTA is dated May 7, it is undisputed that Ramos Ramirez was not arrested until May 7.  There is no evidence that the NTA was issued only after his arrest rather than contemporaneously.

The record reflects, however, two defects in the post-arrest detention process.  They are: ICE's error in the Initial Custody Determination form, which incorrectly states that Ramos Ramirez has pending charges for "Assault" in addition to his actual pending charges for harassment, and the Government's failure to provide Ramos Ramirez with a bond hearing at the outset of detention.  Federal regulations provide that noncitizens "detained under § 1226(a) receive bond hearings <u>at the outset of detention</u>." <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 306 (2018) (emphasis added).  It is undisputed here that ICE failed to provide such a hearing at or near the outset of Ramos Ramirez's detention on May 7, 2026.  It is also undisputed that ICE did not notify EOIR of Ramos Ramirez's May 7 request for such a bond hearing until June 1, more than a month after he made the request and two days after he filed his habeas petition.  The Government does not explain why ICE waited to notify EOIR of the petitioner's bond hearing request until then, or otherwise justify its delay in holding such a hearing.

The Government's failure to provide Ramos Ramirez with a prompt bond hearing violated his rights under the Due Process Clause, the INA, and its implementing regulations.  Thus, this Court joins many of its peers in ordering a prompt bond hearing at which the Government is to bear the burden of proving that

Ramos Ramirez "is a danger to the community or a flight risk by clear and convincing evidence to justify his continued detention."  Velasco Lopez, 978 F.3d at 857; see also, e.g., Rahman, 2026 WL 1180138, at *2; Martinez-Lopez, 2026 WL 1133933, at *4; Sharifzoda v. Orange Cnty. Jail, No. 26cv2486 (KMK), 2026 WL 851378, at *2 (S.D.N.Y. Mar. 27, 2026) (ordering bond hearing where Government bears burden in case where ICE exercised discretion to detain petitioner based on arrest for domestic violence).  This result is particularly appropriate given that ICE's decision to detain Ramos Ramirez pending his removal proceeding may have been due to a misunderstanding of the nature of his January 2026 arrest.  Finally, during the bond hearing, the IJ also "must consider a noncitizen's financial circumstances and appropriate alternatives to detention." Velasco Lopez, 978 F.3d at 854.[5]

---

[5] On June 9, 2026, the Government submitted a letter noting that petitioner's counsel has been criticized by other courts for filing habeas petitions that contained factual inaccuracies and "cut and paste lawyering."  While the petition in this case did assume that the Government was detaining Ramos Ramirez pursuant to § 1225(b)(2)(A) rather than § 1226(a), petitioner's counsel may not have had access to documents that clarified the basis for his client's detention prior to June 9, when the Government filed those documents with its opposition.  It is also noteworthy that the Government did not address, in its opposition or its subsequent letter, ICE's error in describing the petitioner's pending charge during the initial custody determination, or the Government's delay in providing the petitioner a prompt bond hearing.

## Conclusion

Ramos Ramirez's petition for a writ of habeas corpus is granted in part. Within one week of this Order, an IJ shall hold a bond hearing for Ramos Ramirez, at which the Government shall bear the burden of proving, by clear and convincing evidence, that Ramos Ramirez is a danger to the community or a flight risk. Within 48 hours of the bond hearing, the Government shall file a letter on ECF stating its outcome. It shall also promptly order a transcript of the hearing and file the transcript on the docket. If no bond hearing is held within a week of this Order, and Ramos Ramirez has not consented to an extension, then Ramos Ramirez shall be released forthwith and the Government shall file a letter on ECF certifying his release.

Dated:    New York, New York
          June 10, 2026

_____
DENISE COTE
United States District Judge

11